Bernard R. Mazaheri
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Email - bernie@thelaborfirm.com
Tel - 602-529-4935

Attorney for Plaintiff Vicky Matthes

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vicky Matthes, | No. |
| Plaintiff, | |
| v. | |
| Cascades Holding US Inc., | COMPLAINT |
| Defendant. | |

Dated this 1st day of April, 2019

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Attorney for Plaintiff Matthes

1. The Plaintiff, Vicky Matthes, sues Defendant, Cascades Holding US Inc., for interfering with her Family Medical Leave Act (FMLA) rights.

2. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617(a)(2).

3. Venue is appropriate in the Prescott Division pursuant to LRCiv 77.1(a) as the operative facts occurred in Mohave County, Arizona.

4. Plaintiff began working for Defendant in Kingman, Arizona on or about July 19, 2016.

5. Defendant employs over 50 employees in Kingman, Arizona.

6. On or about November 25, 2017 Plaintiff began her FMLA leave due to her own serious health condition.

7. Plaintiff suffers from chronic obstructive pulmonary disease (COPD).

8. Defendant knew Plaintiff suffered from COPD.

9. Plaintiff was entitled to intermittent FMLA leave from on or about November 25, 2017.

10. COPD causes, among other conditions, sleep apnea.

11. Defendant did not comply with the FMLA.

12. On or about November 25, 2017, Defendant approved Plaintiff for FMLA leave.

13. When Plaintiff applied for FMLA leave she had worked over a year for Defendant.

14. When Plaintiff applied for FMLA leave she had worked over 1250 hours for Defendant the preceding twelve months.

15. Plaintiff was eligible for FMLA leave.

16. Plaintiff complied with Defendant's request for FMLA leave.

17. Less than six months after starting FMLA leave Defendant demanded a recertification from Plaintiff.

18. On or about March 15, 2018 Plaintiff submitted recertification for her FMLA.

19. Defendant terminated Plaintiff on April 23, 2018.

20. Defendant terminated Plaintiff because she fell asleep during her break on April 19, 2018.

21. Plaintiff worked the night shift.

22. Plaintiff began her night shift on April 19, 2018.

23. Plaintiff was not feeling well on the 19th of April 2018.

24. Plaintiff advised her lead shift that she was not feeling well on April 19, 2018.

25. Defendant knew or should have known that Plaintiff was not feeling well on April 19, 2018.

26. Plaintiff's lead shift sought to find another employee to cover for Plaintiff on April 19, 2018 after the lead shift discovered Plaintiff was not feeling well.

27. Plaintiff's lead shift was acting for Defendant in trying to find a replacement for Plaintiff.

28. Plaintiff's lead shift did not secure a replacement on April 19, 2018.

29. So, Plaintiff continued working while ill due to her COPD.

30. As the night went on Plaintiff felt worse.

31. Plaintiff promptly told her partner on the line that she was going to her truck because she wasn't feeling well.

32. When Plaintiff went to her truck to gather herself, she fell asleep due to her COPD causing obstructive sleep apnea.

33. Plaintiff was sound asleep in her truck on Defendant's property in Mohave County, Arizona in the evening of April 19, 2018 for a few hours.

34. As soon as Plaintiff awoke, she went back inside to work.

35. Sadly, Plaintiff had problems breathing when she went back to work.

36. Plaintiff promptly notified her line partner that she could not breathe.

37. Plaintiff went outside to catch her breath.

38. Plaintiff was outside catching her breath for about an hour.

39. Afterwards Plaintiff went back inside to finish her shift.

40. Plaintiff's supervisor was displeased with Plaintiff for being too ill to work at a hundred percent on April 19, 2018.

41. Plaintiff's supervisor told her she was going to be suspended and reported to human resources.

42. Plaintiff explained that she was ill, had fallen asleep at no fault of her own and that she had trouble breathing.

43. Furthermore, Plaintiff had advised her superior at the beginning of her shift she was having health problems.

44. Plaintiff should have been offered FMLA intermittent leave on April 19, 2018.

45. Defendant had sufficient information to know that Plaintiff suffered from COPD; that sleep apnea and trouble breathing are symptoms.

46. Defendant knew or should have known that Plaintiff needed FMLA leave on April 19, 2018.

47. Plaintiff provided Defendant with enough information to put them on notice that she needed FMLA leave.

48. Defendant ignored Plaintiff's need for FMLA leave.

49. Plaintiff's supervisor suspended Plaintiff for Friday, April 20, 2018.

50. Plaintiff went back to work on Saturday, April 21, 2018 and worked without incident.

51. Plaintiff was scheduled to be off on Sunday, April 22, 2018.

52. On Monday, April 23, 2018, Defendant fired Plaintiff for falling asleep on April 19, 2018.

53. Defendant interfered with Plaintiff's FMLA rights by not designating April 19, 2018 as a leave day.

54. Plaintiff suffered an unpaid suspension on April 20, 2018 as a result of Defendant's interference with her FMLA rights.

55. Plaintiff was terminated on April 23, 2018 in violation of the FMLA.

56. Defendant acted in reckless disregard of the FMLA.

57. But for being ill on April 19, 2018 Plaintiff would not have been terminated.

58. Defendant is a multi-national company that was aware of the FMLA generally and specifically as it related to Plaintiff.

59. Defendant should have known that the issues of April 19, 2018 should have been covered by the FMLA.

60. Defendant never advised Plaintiff that she could demand retroactively FMLA benefits.

61. Defendant never advised Plaintiff of her right to take FMLA leave in an emergency situation even if Defendant could not find a worker to replace Plaintiff.

62. Plaintiff did not know that she could ask for retroactive FMLA leave.

63. Plaintiff did not know that she did not have to work on April 19, 2018.

64. Defendant made Plaintiff believe that Plaintiff had to work on April 19, 2018 to keep in good standing unless Defendant found coverage.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, liquidated

damages, reinstatement with full benefits, FMLA training for all employees of

Defendant in Mohave County, Arizona, attorneys' fees, costs and any other relief

the Honorable Court deems appropriate.

 Respectfully submitted this 1st day of April 2019,

         **/s/ Bernard R. Mazaheri**
         Bernard R. Mazaheri
         Mazaheri *&* Mazaheri
         325 Shelby Street
         Frankfort, Kentucky 40601
         Email - bernie@thelaborfirm.com
         Tel - 602-529-4935

         Attorney for Plaintiff Matthes